USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1861 UNITED STATES, Appellee, v. ROBERT MCMINN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Matthew J. Lahey and McLaughlin, Hemeon & Lahey, P.A. on brief _________________ __________________________________ for appellant. Paul M. Gagnon, United States Attorney, and Jean B. Weld, ________________ ______________ Assistant United States Attorney, on Motion for Summary Disposition for appellee. ____________________ January 14, 1997 ____________________ Per Curiam. After careful review of the parties' __________ briefs and the record, we grant the government's motion for summary disposition and dispense with oral argument, as this appeal presents no substantial question. See 1st Cir. Loc. ___ R. 27.1. We find no merit in defendant's challenge to the district court's ruling regarding authentication of the empty soda bottle. That ruling was consistent with the requirements of Fed. R. Evid. 901, and it was well within the district court's discretion in such evidentiary matters. Particularly, in light of all the circumstances, the detective's testimony comparing the markings on the bottle with those shown in the photograph was adequate to support admission of the evidence. See Fed. R. Evid. 901(b)(4).  ___ We reject defendant's argument, which is unsupported by citation to any relevant authority, that the district court was required to make some additional, independent comparison of the bottle and the photograph. The district court adequately fulfilled its role under Fed. R. Evid. 901 when it determined that the detective's comparison was "reasonably reliable" and the jury could believe it or not, and that the bottle with its glue markings was "not entirely fungible" and had some "character, weak admittedly, but sufficient so the jury could say it is the same bottle." -2- We likewise reject defendant's unsupported argument that this court is required to make its own comparison de novo. Affirmed. ________ -3-